UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD SHAVER, ) | CASE NO.1:07CV464 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| PROMERUS ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Removal from Cuyahoga County Court of Common Pleas. Pursuant to 28 U.S.C. §1334, the Court abstains from hearing this case.

Plaintiff filed suit in state court on April 11, 2006, alleging breach of implied employment contract, intentional infliction of emotional distress, promissory estoppel, violation of public policy, hostile work environment, age discrimination and handicap discrimination under Ohio law. Plaintiff's Complaint contains no federal statutory claims. Plaintiff's Complaint also alleges both Plaintiff and Defendant are Ohio residents, thereby defeating federal jurisdiction via complete diversity. Defendants removed the case on February 20, 2007, pursuant

1

to federal question jurisdiction, alleging Plaintiff, in his deposition of January 25, 2007, acknowledged failing to list pre-petition claims as an asset of his bankruptcy estate. It is undisputed Plaintiff never listed the claims and the bankruptcy estate was closed on July 11, 2005.

In the case management conference held April 12, 2007, Plaintiff acknowledged his intent to reopen the bankruptcy action to permit the Bankruptcy Court to determine whether the claims alleged in his Complaint are assets of the estate.

28 USC §1334 states in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Removing Defendant contends this case is properly before this Court pursuant to 28 U.S.C. §157(b)(5) which states:

2

> "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the **bankruptcy case is pending**, or in the district court in the district in which the claim arose, as determined by the district court in which the **bankruptcy case is pending.**"(emphasis added).

It is undisputed that there was no pending bankruptcy action as of the filing of this action in state court or when Defendant removed the case to this Court. Therefore, 28 U.S.C. 157(b)(5) does not apply.

Since the Complaint fails to allege, on its face, any federal claims, or reference a bankruptcy proceeding, nothing in the Complaint confers exclusive jurisdiction on this Court. Also, whether Plaintiff's claims contained in his Complaint are core proceedings, which may be heard by the bankruptcy court, must first be determined by the bankruptcy court. See *In re Rivera*, No. 1:05MC065, unreported 2005 WL 4001273, *11 (N.D. Ohio 2005). See also, *Official Committee of Unsecured Creditors of Air Enterprises, Inc. v. Gaffney*, No.5:06MC113, unreported 2007 WL 142168, *3 (N.D. Ohio 2007).

Finally, having determined the parties intend to reopen the bankruptcy case, this Court finds the Bankruptcy Court to be the appropriate forum for determining the issues involved. Pursuant to 28 U.S.C. §1334 this Court may abstain from hearing matters outside this Court's exclusive jurisdiction. "The intent of Congress is that abstention must play a far more significant role in limiting those matters, which although properly brought within the reach of jurisdiction under Title 11, are nonetheless best left for resolution to a state or other bankruptcy forum." *In re Best Reception System, Inc.*, 220 B.R. 932, 952 (Bnkr. E.D. Tenn, 1998).

Therefore, in light of the representations of counsel that the parties will reopen the

3

bankruptcy case, in the absence of any federal claims and absence of a bankruptcy court determination whether the claims involved constitute core proceedings, this Court abstains from hearing the claims contained in Plaintiff's Complaint.[1]

IT IS SO ORDERED.

_4/20/07_
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR 20 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[1] There is an apparent issue of Plaintiff's lack of standing to assert his claims in state or federal court. Title 11 confers the right to bring an action on behalf of the debtor's estate solely with the bankruptcy trustee. The Trustee has never had the opportunity to consider the claims alleged by Plaintiff, nor has the Trustee abandoned the claims asserted by Plaintiff. This issue further militates in favor or abstention.